(69 App. Div. 214.)

## BURNS v. CITY OF NEW YORK.

(Supreme Court, Appellate Division, First Department. February 21, 1902.)

1. MUNICIPAL CORPORATION—CONTRACTS—EXCAVATIONS AND EMBANKMENTS—COMPENSATION.

Where plaintiff was paid for making an excavation, under a contract providing that the earth should be deposited where defendant's engineer might direct, he cannot also recover compensation for depositing, under the direction of the engineer, the earth so excavated, in an embankment, though he was to receive for the construction of the embankment 50 cents per cubic yard.

2. SAME—DECISION OF ENGINEER—CONCLUSIVENESS.

Where a contract for making excavations and embankments provides that the city engineer shall determine the quantity of the several kinds of work which are to be paid for under the contract, and his estimate shall be final and conclusive, a decision of the engineer that earth paid for as excavation shall not also be paid for as part of an embankment is conclusive, in the absence of fraud or mistake on the engineer's part.

Appeal from trial term, New York county.

Action by Patrick F. Burns against the city of New York. Judgment for defendant (63 N. Y. Supp. 1078), and plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and LAUGHLIN, PATTERSON, O'BRIEN, and McLAUGHLIN, JJ.

J. A. Dunn, for appellant.
T. Connoly, for respondent.

PATTERSON, J. The plaintiff was employed under a written contract by the city of New York to do certain work consisting of facing a bank in front of the Old Engine House, at Highbridge, with a dry stone protection wall, and under that contract he was to receive 50 cents per cubic yard for the embankment. He claims that he constructed under the contract 2,689 cubic yards of embankment, and was entitled to receive, at the price of 50 cents per cubic yard, the sum of $1,434.50, of which he has been paid all except the sum of $967.50. The defendant admits the contract, and sets up as a separate defense that the plaintiff expressly agreed in and by the contract that there was to be earth excavation and rock excavation, and that the former should include all not included in rock excavation, and that such excavation should conform to lines and levels to be given by the engineer, and the material excavated should be deposited in such places as the engineer might direct; that, pursuant to the provision of the contract, the engineer directed the plaintiff to deposit on the line and level of the proposed embankment 934 cubic yards of excavated earth; and that plaintiff complied with such directions. The defendant also sets up as a separate defense that the plaintiff expressly agreed that, to prevent all disputes and litigation, the engineer should in all cases determine the amount or the quantity of the several kinds of work which were to be paid for under said contract, and that he should determine all questions in relation to said work, and the construction thereof; that his estimate and decision should be final and conclusive upon the contractor; and that such estimate and decision, in case any question should arise, should be a condition precedent to the right of the contractor to receive any money under the agreement. Then the defendant sets up that the engineer made a final estimate and decision, and issued a final certificate, wherein he states the whole amount of work done by the plaintiff, and also the value of such work done according to the terms of the contract; that the certificate was to the effect that the plaintiff had excavated 934 cubic yards of earth, and that he had earned $967.50 and no more; and the payment of $967.50 is set up. Upon the trial it was agreed that the plaintiff excavated 934 cubic yards of earth, and that he was entitled to be paid for that excavation. It was also admitted that the engineer in charge of the work directed the plaintiff to take 934 yards of excavation, and place it in the embankment. The claim of the plaintiff is that he is entitled to be paid under the contract for the 934 cubic yards of earth thus

placed in the embankment. The final certificate of the engineer was used in evidence, and it was conceded that the city had paid according to that certificate.

This certificate is conclusive. It is not attacked for fraud, nor is there any allegation in the complaint of a mistake made in the certificate by the engineer. The plaintiff stands merely upon the terms of the contract. The fourth specification of the contract, relating to the excavation of earth, for which excavation the plaintiff was paid, requires the contractor to deposit it where the engineer should direct, and that was done. The argument of the plaintiff seems to be that inasmuch as he was to furnish the material for the embankment, and be paid for the labor of placing it, he is entitled to recover. This is clearly not so. The material put in the embankment was apparently the property of the city. The contractor was bound to deposit it as the engineer instructed him. He acquiesced in putting it in the embankment. He was paid for excavating and depositing it. He neither furnished the material nor the labor of depositing it, independently of his obligation under the fourth specification. He cannot now recover for this material, and for the labor for which he has already been paid, upon the theory that he was not permitted to furnish the material and supply the labor which would have been required in the performance of the work on the excavation, which seems to be the basis of his claim. He acquiesced in the direction of the engineer, and did that which he was required to do under the fourth specification of the contract. The certificate stands in the way of his recovery, even if he had not acquiesced in the demand of the engineer.

The judgment was right, and should be affirmed, with costs. All concur.